UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VITOR LOPES RAMIRO,<br><br>                Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility<br>PATRICIA HYDE, Field Office Director,<br>TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement,<br>KRISTI NOEM, U.S. Secretary of Homeland Security,<br>PAMELA BONDI, Attorney General of the U.S.,<br>And DONALD TRUMP, President of the U.S.<br><br>                Respondents. | Case No. 1:25-11851<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

1. Petitioner Vitor Lopes Ramiro is a citizen of Brazil. He is 21 years old. He resides in Massachusetts. He has no criminal history.[1]

2. Petitioner entered the United States in or around August 2024. At that time, the U.S. Border Patrol issued him a Notice to Appear ("NTA") and released him.

3. Pursuant to the Notice to Appear, Petitioner was placed in removal proceedings in the Immigration Court to evaluate whether he could remain in the United States. He was not detained during those proceedings.

4. Petitioner was eligible for Special Immigrant Juvenile status.

5. A person granted Special Immigrant Juvenile status is generally entitled to become a Lawful Permanent Resident ("LPR") of the United States. However, there is typically a delay

---

[1] See Index of Supporting Documents

1

between the grant of Special Immigrant Juvenile status and formal adjustment to LPR status, due to a backlog in visa availability.

6. Petitioner applied to U.S. Citizenship and Immigration Services ("ICE") for Special Immigrant Juvenile status in 2024.

7. On or about February 28, 2025, USCIS approved Petitioner's application for Special Immigrant Juvenile status.

8. As part of that grant of status, USCIS informed Petitioner that there would be a delay in his ability to file for adjustment to LPR status, as is typical due to the backlog in visa availability. USCIS determined that Petitioner "warrat[ed] a favorable exercise of discretion to receive deferred action," and granted him deferred action from removal for a period of four years.

9. Based on the grant of Special Immigrant Juvenile status, Petitioner is deemed paroled into the United States by operation of statute. *See* 8 U.S.C. §§ 1101(a)(27)(J) & 1255(h)(1).

10. On or about March 25, 2025, the Immigration Court terminated Petitioner's removal proceedings pursuant to *Matter of Coronado Acevedo*, 28 I&N Dec. 648 (A.G. 2022), due to the grant of Special Immigrant Juvenile status.

11. Petitioner is not in removal proceedings.

12. On June 16, 2025, Petitioner appeared for a scheduled routine check in at the offices of U.S. Immigration and Customs Enforcement ("ICE") in Burlington, Massachusetts.

13. At the check in, ICE arrested him without any lawful basis or prior notice.

14. Upon arresting Petitioner, ICE issued him a Notice and Order of Expedited Removal.

15. Ordinarily, people arrested by ICE are served an NTA and placed into removal proceedings in the Immigration Court. Removal proceedings contain certain procedural protections required by the applicable statutes and regulations. The person attends hearings before an Immigration

Judge and, if he or she is found removable, may apply for various forms of relief from removal. The decision of the Immigration Court is subject to appellate review by the Board of Immigration Appeals (the "BIA") and then via a petition for review to U.S. Court of Appeals. While the removal proceeding is pending, people without a criminal record or involvement in terrorism are constitutionally entitled to a bond hearing with certain procedural protections, which may result in their release for the pendency of the proceeding. *See* 8 U.S.C. § 1226; *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (for Section 1226(a) detainees, due process requires a bond hearing in which government bears burden of proof to show flight risk or dangerousness); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment of same).

16. In certain narrow circumstances, there is an alternative process called Expedited Removal. *See* 8 U.S.C. § 1225(b). Expedited Removal orders are issued without the typical process in the Immigration Court. Expedited removal orders are issued by an immigration enforcement official, not by an Immigration Judge. Expedited removal orders are not subject to appeal to the BIA and U.S. Court of Appeals. The potential forms of relief from the expedited removal process are much narrower and essentially require a showing of credible fear of return to the destination country, and adverse findings on credible fear are subject only to a limited review by an Immigration Judge without further review by the BIA. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 U.S.C. § 1225.

17. One important limitation on Expedited Removal is that, as a matter of law, it can only be applied to a person who "has not been . . . paroled into the United States." *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

18. Because Petitioner has been paroled into the United States, he is not eligible for Expedited Removal.

19. Nevertheless, ICE is currently subjecting Petitioner to Expedited Removal and mandatory detention pursuant to the Expedited Removal order.

20. Because Petitioner was unlawfully issued an immediate Expedited Removal order, he is being denied all required process in the Immigration Court, all potential appeals from that process, and access to certain forms of relief from removal that would be potentially available in the Immigration Court.

21. Because Petitioner was unlawfully issued an Expedited Removal order, the government is attempting to unlawfully deny him access to a bond hearing and potential release on bond. Petitioner has requested a bond hearing, and one is scheduled for Monday, June 30, 2025, but the government has argued that the Immigration Court is without jurisdiction to hold a bond hearing because Petitioner is subject to the Expedited Removal order.

16. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

17. Venue is proper because Petitioner resides in Massachusetts, and on information and belief is detained in the District of Massachusetts at the Plymouth Country Correctional Facility.

18. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is petitioner's immediate custodian.

19. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

20. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

21. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

22. Respondent Pamela Bondi is the U.S. Attorney General.

23. Respondent Donald Trump is the U.S. President.

24. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

23. On information and belief, Petitioner is currently being detained and subjected to Expedited Removal, without prior notice or lawful basis, in violation of his constitutional right to due process of law.

24. Petitioner cannot be detained for, or subjected to, Expedited Removal because he has been paroled into the United States.

25. The Expedited Removal statute largely "precludes judicial review," and therefore challenges to "confinement and removal" under that statute fall within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

26. Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal, that limitation violates the Suspension Clause and is void and without effect.

27. Indeed, if there were no judicial review of the immigration agencies' factual determinations with respect to Expedited Removal, then the immigration agencies would be free to find that

essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the procedures and safeguards required for removal proceedings by the laws and Constitution of the United States.

28. Additionally, Petitioner is not eligible for removal or detention because he has been granted Deferred Action status by USCIS.

29. Even assuming Petitioner would be eligible for detention for removal proceedings, his prior removal proceedings were terminated, and the government has not filed any NTA to initiate any new proceedings. The only current basis for Petitioner's detention and potential deportation—Expedited Removal—is one that categorically does not apply to him.

30. Furthermore, Petitioner is permitted to pursue his permanent residency through the lawful means created by Congress pursuant to 8 U.S.C. § 1255 (INA § 245A). By detaining and seeking to deport the Petitioner, Respondents are acting contrary to congressional will and in violation of the Petitioner's due process rights. Preventing Petitioner from following the process put forth by United States Citizenship & Immigration Services (USCIS) pursuant to congressional authority constitutes arbitrary and capricious agency action by the Respondents.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) Grant any further relief this Court deems just and proper.

Dated: June 27, 2025                                  Respectfully submitted,

                                                                       */s/ Todd C. Pomerleau*
                                                                       Todd C. Pomerleau, Esq.
                                                                       Rubin Pomerleau, P.C.
                                                                       Two Center Plaza, Suite 520
                                                                       Boston, Massachusetts 02108
                                                                       Tel.: (617) 367-0077
                                                                       Fax: (617) 367-0071
                                                                       rubinpom@rubinpom.com
                                                                       MA BBO#695642

                                                                       */s/ Nicole Dill*
                                                                       Nicole Dill, Esq.
                                                                       MA BBO#709113

                                                                       *Counsel for Petitioner*